UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TULIO TECUN-DELEON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-46-G |
| | ) |
| **KRISTI NOEM, in her official capacity** | ) |
| **as Secretary, U.S. Department** | ) |
| **of Homeland Security, et al.,** | ) |
| | ) |
| Respondents. | ) |

## ORDER

On January 12, 2026, Petitioner Tulio Tecun-DeLeon, appearing through counsel, filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement. *See* Pet. (Doc. No. 1).

Now before the Court is Petitioner's Emergency Motion for Temporary Restraining Order (Doc. No. 5) filed on January 16, 2026. Petitioner seeks emergency relief pursuant to Rule 65 of the Federal Rules of Civil Procedure in the form of release from custody, or in the alternative, the provision of a bond hearing pursuant to 8 U.S.C. § 1226(a), because, he represents, he has been detained in violation of certain immigration statutes as well as of his due process rights under the Constitution. *See id.* at 3.

### I. Standards of Review

As explained by the Tenth Circuit,

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the

>movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest.  Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.

*Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (citation omitted).  These four requirements apply equally to a request for a temporary restraining order (or "TRO").  *See Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002); *United States v. Terry*, No. CIV-19-250-SLP, 2019 WL 7753271, at *1 (W.D. Okla. Mar. 26, 2019).

Petitioner's request for a TRO is also governed by Rule 65 of the Federal Rules of Civil Procedure.  Rule 65(b)(1) prescribes that the Court may enter a temporary restraining order without notice to the adverse party or its attorney only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B).

II. *Petitioner fails to comply with the procedural requirements of Rule 65(b)(1)*

Petitioner's Emergency Motion does not provide the required certification describing "any efforts made to give notice" of the Emergency Motion to Respondents or identifying any reasons why such notice "should not be required." Fed. R. Civ. P. 65(b)(1). In the Certificate of Service for the Emergency Motion, counsel for Petitioner indicates an expectation that the Clerk of Court will send a Notice of Electronic Filing regarding the Emergency Motion to Robert J. Troester, the United States Attorney for the Western

District of Oklahoma. *See* Pet.'s Emergency Mot. at 16. Presumably, counsel for Petitioner is referring to the regular distribution of filings through the CM/ECF system to registered attorneys who have entered an appearance in a case. But in this matter, which was only recently initiated, an attorney has yet to enter an appearance for any Respondent.

Because Petitioner has not satisfied the requirements of Rule 65(b)(1), the issuance of a TRO without notice is "improper." *Robinson v. Oglala Sioux Tribe*, No. CIV-25-289-D, 2025 WL 1387790, at *1 (W.D. Okla. May 13, 2025); *see also Com. Sec. Bank v. Walker Bank & Tr. Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) ("Rule 65 must be strictly complied with.").

## CONCLUSION

For the reasons set forth above, Petitioner's Emergency Motion for Temporary Restraining Order (Doc. No. 5) is DENIED.

IT IS SO ORDERED this 19th day of January, 2026.

_____
CHARLES B. GOODWIN
United States District Judge